```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


JEFFREY GIBSON                    :
                                  :              PRISONER
     v.                           :    Case No. 3:12cv1255(JBA)
                                  :
SIMPLE                            :
```

ORDER

    Petitioner Jeffrey Gibson, an inmate confined at the Garner Correctional Institution in Newtown, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000).  He challenges his conviction for murder.

    Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. See 28 U.S.C. § 2244(d)(1) (2000).  The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending.  See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001). The district court has the discretion to raise the timeliness of a federal habeas petition sua sponte.  Day v. McDonough, 547 U.S. 198, 209-10 (2006).

    The petitioner states that the Connecticut Supreme Court affirmed his conviction in 1999.  Contrary to this

representation, research reveals only the decision of the Connecticut Appellate Court, issued on December 21, 1999.  See State v. Gibson, 56 Conn. App. 154, 742 A.2d 397 (1999).  The petitioner never sought certification from the Connecticut Supreme Court.  Thus, the petitioner's conviction became final on January 10, 2000, twenty days following the appellate court decision, at the conclusion of the time when the petitioner could have sought certification from the Connecticut Supreme Court.

The petitioner states that he filed his first state habeas action, No. CV-01-0808290, in 2001.  State court records indicate that the petition was filed on May 23, 2001, over sixteen months after the petitioner's conviction became final.  Thus, this action appears to be time-barred.

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to show that he has been pursuing his rights diligently but extraordinary circumstances prevented him from timely filing his petition.  Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir.), cert. denied sub nom. Diaz v. Conway, 129 S. Ct. 168 (2008).  The threshold for the petitioner to establish equitable tolling is very high.  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), cert. denied, 531 U.S. 840 (2000).  The court must determine whether "the petitioner act[ed] as diligently as

reasonably could have been expected <u>under</u> <u>the</u> <u>circumstances</u>." <u>Baldayaque v. United States</u>, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).  The petitioner must have acted with reasonable diligence throughout the entire period he seeks to toll, that is, during the period after the extraordinary circumstances began.

The petitioner is afforded until October 17, 2012 to show cause why this petition should not be dismissed as time-barred.  Failure to respond to this order will result in the dismissal of this case.

**SO ORDERED** this 18th day of September 2012, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge