UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEFFREY GIBSON                    :
                                  :              PRISONER
        v.                        :    Case No. 3:12cv1255(JBA)
                                  :
SIMPLE                            :

### RULING ON RESPONDENT'S MOTION TO DISMISS [Doc. #8]

Petitioner Jeffrey Gibson ("Gibson"), currently confined at
the Garner Correctional Institution in Newtown, Connecticut,
commenced this action for writ of habeas corpus pro se pursuant
to 28 U.S.C. § 2254.  He challenges his Connecticut convictions
for murder and carrying a pistol without a permit.  The
respondent has filed a motion to dismiss the petition as untimely
filed.  For the reasons that follow, the respondent's motion to
dismiss will be granted.

I.   Procedural Background

Gibson was tried before a jury on charges of murder and
carrying a pistol without a permit.  He was convicted and
sentenced to a term of imprisonment of forty-five years.  See
State v. Gibson, 56 Conn. App. 154, 155, 742 A.2d 397 (1999).
Gibson did not file a petition for certification to appeal the
December 21, 1999 decision of the Connecticut Appellate Court to
the Connecticut Supreme Court.

On May 23, 2001, Gibson filed his first state habeas action,
No. TSR-CV01-0808290-S, asserting a claim of ineffective
assistance of trial counsel.  See Resp't's Mem. App. B.  After a

hearing, the petition was denied.  The appeal was dismissed.  <u>See</u>
<u>Gibson v. Commissioner of Correction</u>, 98 Conn. App. 311, 908 A.2d
1110 (2006), <u>cert. denied</u>, 281 Conn. 908, 916 A.2d 49 (2007).

On September 7, 2004, Gibson filed a second state habeas
action, No. TSR-CV04-4000091-S.  In his final amended petition,
Gibson asserted three claims: (1) the state failed to disclose
that a key witness was a paid police informant in other unrelated
cases, (2) ineffective assistance of trial counsel, and (3)
ineffective assistance of habeas counsel.  The second claim was
dismissed as barred by res judicata.  Following a hearing on the
remaining claims, the court denied the petition.  The appeal was
dismissed.  <u>See</u> <u>Gibson v. Commissioner of Correction</u>, 135 Conn.
App. 139, 41 A.3d 700, <u>cert. denied</u>, 305 Conn. 922, 47 A.3d 881
(2012).

On September 27, 2012, after he commenced this action,
Gibson filed a third state habeas action, No. TSR-CV12-4005001-S.
That action remains pending.

Gibson filed this action by undated petition received on
August 27, 2012.  In response to the court's order that he show
cause why the petition was timely filed, Gibson stated that he
was unaware of his attorney's failure to file a petition for
certification until sixteen months after the Connecticut
Appellate Court dismissed his appeal.  He states that he promptly
filed his first state habeas when he learned of the failure.

II.  <u>Standard</u>

In 1996, the federal habeas corpus statutes were amended to impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court.  <u>See</u> 28 U.S.C. § 2244(d)(1) (2000). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending.  <u>See</u> 28 U.S.C. § 2244; <u>Williams v. Artuz</u>, 237 F.3d 147, 151 (2d Cir.), <u>cert. denied</u>, 534 U.S. 924 (2001).

The petitioner can overcome the time bar by demonstrating that the limitations period should be equitably tolled. Equitable tolling, however, applies in habeas cases only in extraordinary and rare circumstances.  The petitioner would have to show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Diaz v. Kelly</u>, 515 F.3d 149, 153 (2d Cir.), <u>cert. denied sub nom.</u> <u>Diaz v. Conway</u>, 129 S. Ct. 168 (2008).  The threshold for a petitioner to establish equitable tolling is very high.  <u>See</u> <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), <u>cert. denied</u>, 531 U.S. 840 (2000).

III.  Discussion

Gibson's conviction became final on January 10, 2000, twenty
days following the appellate court decision, at the conclusion of
the time when the petitioner could have sought certification from
the Connecticut Supreme Court.  See Conn. Practice Book § 84-4
(providing twenty days to petition Connecticut Supreme Court for
review of Connecticut Appellate Court decision).

The limitations period for this federal action expired on
January 10, 2001.  For this petition to be considered timely
filed, Gibson must show that the limitations period should be
equitably tolled first for 133 days, until May 23, 2001, when
Gibson filed his first state habeas action, and then for 46 days,
from July 11, 2012, when the Connecticut Supreme Court denied
certification to appeal the denial of the second state habeas,
until August 27, 2012, when this action commenced.

The standard for determining whether a petitioner diligently
pursued his rights and, thus, whether equitable tolling is
warranted is reasonable diligence.  The court must determine
whether "the petitioner act[ed] as diligently as reasonably could
have been expected under the circumstances."  Baldayaque v.
United States, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in
original).  The petitioner must have acted with reasonable
diligence throughout the entire period he seeks to toll, that is,
during the period after the extraordinary circumstances began.

See id. at 150 (quoting Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001), cert. denied, 536 U.S. 925 (2002)).

When considering the extraordinary circumstances, the court considers "how severe an obstacle it is for the petitioner endeavoring to comply with the AEDPA's limitations period." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (internal quotation marks and citation omitted).  The inquiries into extraordinary circumstances and reasonable diligence are related. The petitioner must show that the extraordinary circumstances caused him to miss the filing deadline.  See Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011).

In response to the court's order, Gibson stated that he, through his attorney, had filed an appeal to the Connecticut Supreme Court.  He tried unsuccessfully to contact counsel several times.  Then, sixteen months after the Connecticut Appellate Court's decision, he contacted the court clerk to inquire about the appeal.  Gibson does not specify when he tried to contact counsel.  In opposition to the motion to dismiss, Gibson merely asks the court to disregard the respondent's arguments.  He does not provide additional information to show that he diligently pursued his rights.

A breakdown of the attorney-client relationship can constitute cause to warrant equitable tolling.  Excusable neglect, however, does not.  See Holland v. Florida, ___ U.S.

___, 130 S. Ct. 2549, 2564 (2010).  In Holland, the inmate wrote
to counsel numerous times seeking information and giving
directions and repeatedly contacted the state courts and clerks
to get the attorney removed from his case.  The court concluded
that these facts required further proceedings to determine
whether equitable tolling was warranted.  Id. at 2565.

The Second Circuit has found extraordinary circumstances to
warrant equitable tolling where the attorney did not file a
habeas petition when specifically directed to do so, failed to
research the limitations period, failed to meet with or speak to
the petitioner and made no effort to locate the petitioner when
mail was returned as undeliverable.  See Baldayaque, 338 F.3d at
150-51.  The Second Circuit also found extraordinary
circumstances where the attorney waited until one day after the
limitations period expired to file the petition despite repeated
requests that he not wait until the last day.  See Dillon v.
Conway, 642 F.3d 358, 363-64 (2d Cir. 2011) (per curiam).  In
both cases, the attorney's negligence was so egregious as to
constitute an abandonment of the attorney-client relationship.
See Rivas, 687 F.3d at 538.

The facts here do not rise to that level.  Gibson fails to
allege that he spoke with his attorney about filing a petition
for certification; he just assumed the attorney would do so.
Although Gibson now indicates he was dissatisfied with counsel's

representation, he does not state that he raised this
dissatisfaction with the court or sought to have counsel removed.
Gibson has not shown an abandonment of the attorney-client
relationship.

In addition, although he was unable to contact his attorney,
Gibson waited sixteen months to contact the state appellate
courts and inquire about the appeal.  When he learned the appeal
had not been filed, Gibson does not state that he inquired about
the possibility of filing a late appeal.  Further, as there is no
requirement that the direct appeal must be concluded before a
state habeas action can be filed, Gibson fails to identify any
circumstance supporting his delay.  The court concludes that,
even if Gibson's attorney's conduct rose to the level of an
extraordinary circumstance, Gibson's delay in contacting the
state appellate court and filing a state habeas petition
demonstrates his lack of diligence.

The court concludes that Gibson fails to present facts
warranting equitable tolling.  Thus, the petition is untimely.

IV.  Conclusion

The respondent's motion to dismiss [**Doc. #8**] is **GRANTED.**
The court concludes that an appeal of this order would not be

taken in good faith.  Thus, a certificate of appealability will not issue.


    **So ordered** this 23rd day of July 2013, at New Haven, Connecticut.

/s/_____
Janet Bond Arterton
United States District Judge
